1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# EXHBITI 1

```
1   THE O'MARA LAW FIRM, P.C.
    DAVID C. O'MARA (Nevada Bar No. 8599)
2   311 East Liberty Street
    Reno, NV  89501
3   Telephone:  775/323-1321
    775/323-4082 (fax)
4
    Attorneys for Protect Our Girls
5
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PROTECT OUR GIRLS, a Committee for Political Action (PAC) Advocating Passage, and MELISSA CLEMENT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BARBARA CEGAVSKE in her official capacity as Nevada Secretary of State, JOSEPH P. GLORIA in his official capacity as Clark County Registrar of Voters, DEANNA SPIKULA in her official capacity as Washoe County Registrar of Voters, KRISTINA JAKEMAN in her official capacity as Elko County Clerk, SADIE SULLIVAN in her official capacity as Lander County Clerk, LACEY DONALDSON in her official capacity as Pershing County Clerk-Treasurer, VANESSA STEVENS in her official capacity as Storey County Clerk-Treasurer, NICHOLE BALDWIN in her official capacity as White Pine County Clerk, SANDRA MERLINO in her official capacity as Nye County Clerk, TAMMI RAE SPERO in her official capacity as Humboldt County Clerk, KATHY LEWIS in her official capacity as Douglas County Clerk-Treasurer, LINDA ROTHERY in her official capacity as Churchill County Clerk-Treasurer, LACINDA ELGAN in her official capacity as Esmeralda County Clerk-Treasurer, LISA C. LLOYD in her official capacity as Lincoln County Clerk, LISA HOEHNA in her official capacity as Eureka County Clerk, CHRISTOPHER NEPPER in his official capacity as Mineral County Clerk-Treasurer, NIKKI BRYAN in her official capacity as Lyon County Clerk-Treasurer, and AUBREY ROWLATT in her official capacity as Carson City Clerk-Recorder,<br><br>Defendants. | Case No.   3:20-cv-00515-MMD-WGC<br><br><br>**CONSENT DECREE** |

1    Whereas, this action was initiated by Plaintiffs Protect Our Girls, a Committee for Political
2 Action (PAC) Advocating Passage, Melissa Clement on September 10, 2020;
3    Whereas, Plaintiffs sued to enjoin Defendants Nevada's Secretary of State, Barbara
4 Cegavske, and the election officials of each of Nevada's seventeen counties, from, among other
5 things, applying NRS 295.056(2) and to extend the time period for at least as long as the Nevada
6 Governor's Emergency Directives remained in place, but no later than 30 days before the start of the
7 2021 regular session of the Nevada Legislature, (ECF 1, Complaint at Prayer for Relief, Paragraph
8 1-3);
9    Whereas, Article 19, Sec. 2(3) of the Nevada Constitution provides that "[i]f the initiative
10 petition proposes a statute or an amendment to a statute, the person who intends to circulate it shall
11 file a copy with the Secretary of State before beginning circulation and not earlier than January 1 of
12 the year in which a regular session of the Legislature is held.  After its circulation, it shall be filed
13 with the Secretary of State no less than 30 days prior to any regular session of the Legislature."
14 Pursuant to NRS 295.056(2), "a petition for initiative proposes a statute or an amendment to a
15 statute, the document or documents must be submitted not later than the 15th day following the
16 general election" which is November 18, 2020.
17    Whereas, Plaintiffs contended that to require them to file the Initiative with the Secretary of
18 State no later than November 18, 2020, would result in an impermissible burden on their rights under
19 the First and Fourteenth Amendments, (ECF 1 at Paragraphs 93 through 100);  Whereas, on May 29,
20 2020, this Court granted in part and denied in part a Preliminary Injunction on behalf of Fair Maps
21 concluding that "NRS § 295.056(3) is unconstitutional as applied to the  Plaintiffs under the unique
22 factual circumstances of this case." *See Fair Maps Nevada ("Fair Maps") v. Cegavske*, 2020 WL
23 2798018.  The parties in the *Fair Maps* case thereafter entered a Consent Decree which was
24 approved by this Court on June 9, 2020. *See Fair Maps Nevada v. Cegavske*, Case No. 3:2020-cv-
25 00271 (ECF 48).
26    Whereas, in light of the Court's finding that NRS 295.056(3) is unconstitutional as applied in the
27 *Fair Maps* case, Plaintiff and Defendant likewise agree that the Court find that NRS 295.063(2) is
28

1  equally unconstitutional as applied to the Plaintiffs under the unique factual circumstance of this
2  case.
3    Plaintiffs and Defendants agree that this Court will find that NRS § 295.056(2) (which provides
4  the Deadline) is not narrowly tailored. *See Fair Maps Nevada v. Cegavske*, 2020 WL 2798018 at 15.
5  Plaintiffs and Defendants have agreed that the extension should be extended until 9:30 a.m. on
6  December 28, 2020, because such and extension of the Deadline is roughly the period Governor
7  Sisolak's Stay at Home Order was fully in effect.  This extension period would still be within the
8  deadline required by Nevada's constitution.  Additionally, Defendants, while taking the position that
9  pushing back the Deadline would certainly make the Secretary and the county clerks' jobs more
10 difficult, it would not make them impossible.
11   Further, Plaintiff and Defendants agree that this Court will find that NRS § 295.056(2) does not
12 "advance a compelling governmental interest under the circumstances, and is therefore
13 unconstitutional as the Secretary applied it to Plaintiffs denying their request for an extension of the
14 Deadline in her letter." *Id*.  Plaintiff and Defendants agree that Plaintiffs have a First Amendment
15 right to circulate their Petition.  *Id*., *see also Angle* v. *Miller*, 673 F.3d 1122, 1133 (9th Cir. 2012).
16 The Deadline in NRS § 295.056(2) is not required by the Nevada constitution, but merely permitted
17 by it. *See* Nev. Const. art. XIX, § 2(3) (providing no less than 30 days prior to any regular session of
18 the Legislature).
19   As Plaintiffs have no chance of getting their Initiative submitted to the Secretary of State in time
20 to deliver it to the Nevada Legislature, and then, if necessary, a vote of the people, Plaintiffs' First
21 Amendment rights will be violated by the Secretary of State's denial of their request for an
22 extension. *See Fair Maps Nevada*, *supra* at 15, *see also Angle*, 673 F.3d at 1133 (stating that ballot
23 access restrictions can indirectly burden the core political speech of circulating initiative petitions
24 where they make it less likely an initiative will qualify for a ballot). Plaintiffs and Defendants agree
25 that this Court will find that the constitutional harm to Plaintiffs outweighs Defendants' proffered
26 interest of severe inconvenience, when in this case, the time period (approximately six weeks) that
27 the Stay at Home Order was in effect. Plaintiffs were prohibited from collecting signatures during
28 that time.

1    In light of Plaintiff and Defendants belief that this Court will find NRS § 295.056(2) is neither narrowly tailored, nor does it serve a compelling government interest under the circumstances, the Parties agree that the statute violates Plaintiffs' First Amendment political speech rights as the Secretary applied it to Plaintiffs in her Denial Decision . *See Fair Maps* at 16, *see also Esshaki v. Whitmer*, [6th Cir.], —— Fed.Appx. at ——, 2020 WL 2185553, at *1 (6th Cir. May 5, 2020) (affirming a similar result as to a similar restriction).

   Plaintiffs and Defendants agree that had Plaintiffs filed their motion for injunctive relieve, the Court would find that Plaintiffs are likely to succeed on the merits that the Secretary's decision not to extend the Deadline violated their First Amendment rights, the Court also necessarily finds irreparable harm. *See Fair Maps Nevada at 17,, see also Sanchez v. Cegavske*, 214 F. Supp. 3d 961, 976 (D. Nev. 2016) (first citing *Cardona v. Oakland Unified Sch. Dist.*, California, 785 F. Supp. 837, 840 (N.D. Cal. 1992) ("Abridgement or dilution of a right so fundamental as the right to vote constitutes irreparable injury."), and then citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.' ")); *see also Angle*, 673 F.3d at 1132 (stating that restrictions on ballot initiatives can violate the First Amendment where they make it "less likely that proponents will be able to garner the signatures necessary to place an initiative on the ballot").

   Whereas, in order to preserve Plaintiffs' constitutional rights, Plaintiffs and Defendants have since agreed that an expeditious resolution of this matter, pursuant to the terms of this Consent Decree, is in the public interest;

   Now therefore, Plaintiffs and Defendants hereby agree, and the Court orders, as follows**:**

   1.   Defendants, their officers, agents, and employees are enjoined from disqualifying the Initiative from being delivered to the 2021 Nevada Legislature and thereafter, if necessary, placed on the ballot, for Plaintiffs' failure to submit the Initiative for verification no later than November 18, 2020.

   2.   Notwithstanding the November 18, 2020 verification submission deadline established in the law, the Initiative may be submitted up to 9:30 a.m. on Tuesday, December 28, 2020.

3.  Any deadlines or governmental actions that flow from NRS 295.056 or related statutes, regulations or rules shall flow from Tuesday, December 28, 2020 instead of November 18, 2020.

4.  Defendants agree that under this consent decree they will have adequate time to perform all of their legal duties with respect to the Initiative, including the verification of signatures, prior to the start of the 2021 Nevada Legislature.

5.  If the Initiative is submitted in accordance with applicable Nevada law, subject to the terms of this consent decree, no later than 9:30 a.m. on Tuesday, December 28, 2020, Defendants shall undertake the signature verification process as required by law. If the Initiative is verified and therefore deemed sufficient, then it will be set to the 2021 Nevada Legislature, and then, if necessary, placed on the ballot, for the 2022 General Election.

6.  Each party to bear its own costs and fees.

| FOR DEFENDANTS: | FOR PLAINTIFFS: |
| --- | --- |
| Dated: October 7, 2020 | Dated: October 7, 2020 |
| NEVADA STATE ATTORNEY GENERAL'S OFFICE | THE O'MARA LAW FIRM, P.C. |
| By: /s/ Greg Zunino | By: /s/ David C. O'Mara |
| Gregory Zunino, Esq. | David C. O'Mara, Esq. |
| Craig Newby, Esq. | 311 E. Liberty Street |
| Benjamin Johnson, Esq. | Reno, Nevada 89501 |
| 100 N. Carson Street | david@omaralaw.net |
| Carson City, NV 90701 | |
| gzunino@ag.nv.gov | |
| cnewby@ag.nv.gov | |
| *Counsel for Barbara Cegavske* | |

| | |
|---|---|
| FOR DEFENDANTS<br>Dated: October 7, 2020<br>CLARK COUNTY DISTRICT<br>ATTORNEY'S OFFICE | FOR DEFENDANTS:<br>Dated: October 7, 2020<br>MARQUIS & AURBACH |
| By: /s/ Mary-Anne M. Miller<br>Mary-Anne M. Miller<br>500 S. Grand Central Parkway, 5th Floor<br>P.O. Box 552215<br>Las Vegas, NV 89155<br>Mary-Anne.Miller@ClarCountyDA.com<br>*Counsel for Joseph P. Gloria* | By: /s/ Brian Hardy<br>Craig R. Anderson, Esq.<br>Brian Hardy<br>1001 Park Run Drive<br>Las Vegas, NV 89145<br>Counsel for Kristina Jakeman, Saddie Sullivan, Vanessa Stevenson, Nichole Baldwin, Sandra Merlino, Tammy Rae Spero, Kathy Rothery, Kathy Lewis, Lacinda Elgan, Lisa Lloyd, Lisa Hoehna, Chrisopher Nepper, Nikki Bryan and Lacey Donaldson |
| Dated: October 7, 2020<br>CARSON CITY DISTRICT<br>ATTORNEY'S OFFICE | Dated: October 7, 2020<br>WASHOE COUNTY DISTRICT<br>ATTORNEY'S OFFICE |
| By: /s/ Jason D. Woodbury<br>Jason D. Woodbury<br>Carson City District Attorney's Office<br>885 E. Musser St, Ste 2030<br>Carson City, NV 89701<br>jwoodbury@carson.org | By: /s/ Herbert B. Kaplan<br>Herbert B. Kaplan<br>Washoe County District Attorney's Office<br>1 S. Sierra St #7<br>Reno, Nevada 89501<br>hkaplan@da.washoecounty.us |

**IT IS SO ORDERED, ADJUDGED AND DECREED**

Signed this ___ th day of October, 2020

_____
HONORABLE MIRANDA DU
DISTRICT COURT JUDGE