KEVIN BENSON, ESQ.
Nevada State Bar No. 9970
BENSON LAW, LLC.
123 W. Nye Lane, Suite #487
Carson City, NV 89706
Telephone: (775) 884-0838
Email: kevin@bensonlawnv.com
*Attorney for Proposed Intervenors*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PROTECT OUR GIRLS PAC, et al.<br><br>      Plaintiffs,<br><br>   v.<br><br>BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State, et al.,<br><br>      Defendants. | Case No.: 3:20-cv-00515-MMD-WGC<br><br>**MOTION TO INTERVENE** |

PLANNED PARENTHOOD OF THE ROCKY MOUNTAINS and PLANNED PARENTHOOD MAR MONTE, by and through counsel, Kevin Benson, Esq. of Benson Law, LLC, respectfully move to intervene as defendants in this action pursuant to Fed.R.Civ.P. 24.

## I.   INTRODUCTION

Planned Parenthood of the Rocky Mountains ("PPRM") and Planned Parenthood Mar Monte ("PPMM") (together, "Proposed Intervenors") move to intervene as defendants in this action to protect their interests in preserving the integrity of Nevada's initiative petition process.

The Plaintiffs recently filed an unopposed motion asking this Court to approve a consent decree apparently negotiated between them and the Defendants. However, the Court lacks jurisdiction to approve the consent decree because the Complaint, on its face, fails to allege that either of the Plaintiffs has Article III standing. Since parties cannot stipulate to the Court's jurisdiction, the Complaint must be dismissed.

1

The Proposed Intervenors are opposed to Plaintiff Protect Our Girls PAC's proposed statutory initiative. Proposed Intervenors may challenge the sufficiency of the initiative if there appears to be a legal basis to do so, and also plan to campaign against it, should it gain enough signatures to qualify.

Plaintiffs are requesting this Court to enter extraordinary relief to extend the deadline to gather and submit signatures to qualify a statutory initiative. The requested relief, if granted, would intrude on Nevada's constitutional legislative process for consideration of statutory initiatives. It would also deprive Proposed Intervenors of their statutory rights to challenge the sufficiency of initiative petitions due to errors or fraud, because there simply would not be sufficient time for such a challenge. The inability to bring such a challenge would, in turn, undermine the integrity of the initiative petition process because, pursuant to Nevada law, it is private parties such as Proposed Intervenors, not election officials, who must bring a challenge to correct problems with the petition itself or with circulation issues, like fraudulent signatures. It would also cause Proposed Intervenors to expend resources on a campaign that they would not otherwise be required to spend.

The Court should therefore grant Proposed Intervenors the ability to intervene as defendants to protect their statutory rights and their interest in the integrity of Nevada's initiative process.

## II.   FACTS

Proposed Intervenor Planned Parenthood of the Rocky Mountains is a regional affiliate of Planned Parenthood, and its region includes southern Nevada. Proposed Intervenor Planned Parenthood Mar Monte is also a regional affiliate of Planned Parenthood, and its region includes northern Nevada. Both Proposed Intervenors provide education, reproductive healthcare, and advocate for access to safe, legal abortion.

Proposed Intervenors oppose Plaintiff's statutory initiative petition. They intend to challenge the sufficiency of the initiative if there is a legal basis to do so. They also intend to campaign against it should the initiative garner enough signatures to qualify.

Nevada, like all states that permit legislation through initiative, imposes various requirements to ensure that the initiative process is fair and that initiatives that are placed on the ballot have legitimately met a certain threshold of voter support. For example, NRS 295.009(1)(a) limits an

2

initiative petition to a single subject. NRS 295.009(1)(b) requires every initiative to contain a description of effect that explains to voters, in an accurate and non-misleading way, what the initiative will do. A third example is NRS 295.012, which requires signatures to be obtained in all of Nevada's congressional districts, to ensure that a statewide initiative truly has statewide support.

However, the Secretary of State and local election officials do not enforce all of these requirements. Compliance with many of Nevada's initiative petition requirements is achieved through challenges filed by private parties. *See e.g.*, NRS 295.061(1) (authorizing an expedited civil action to challenge a petition's compliance with the single subject rule and the description of effect requirement); NRS 295.061(2) (authorizing an expedited civil action to challenge the legal sufficiency of a petition after it is certified as sufficient by the Secretary of State).

Private parties who have an interest in the subject matter of the petition must bring a lawsuit to ensure compliance. For example, even if an initiative petition blatantly violates the single subject rule, if no private party files a challenge, it will be placed on the ballot. Similarly, even if there is a substantial number of fraudulent signatures, a petition can still qualify if no one files a lawsuit that exposes the fraud. However, such suits can be costly. If the Court extends the deadline to submit signatures for all statutory initiatives, Proposed Intervenors are likely to be deprived of their right to bring a sufficiency challenge because there will simply not be enough time for the courts to hear and decide the challenge.

### III.   LEGAL STANDARD FOR INTERVENTION

FRCP 24(a) permits a non-party to intervene as a matter of right upon a showing of four factors: "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Sprint Communs., Inc*., 855 F.3d 985, 991 (9th Cir. 2017).

In addition to intervention as a matter of right, FRCP 24(b) allows for permissive intervention. Under FRCP 24(b), the court "may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." *Blum v. Merrill Lynch Pierce Fenner*

3

*& Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quoting Fed. R. Civ. P. 24(b)(1)). Generally, permissive intervention under Rule 24(b) should be allowed where: (1) there is an independent ground for jurisdiction; (2) the motion is timely; and (3) "a common question of law and fact between the movant's claim or defense and the main action." *Id.*

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

### IV.   ARGUMENT

**A.  Proposed Intervenors are entitled to intervention as a matter of right.**

Proposed Intervenors are entitled to intervene as a matter of right because they satisfy all four of the criteria required in this Circuit.

1. <u>This Motion is timely.</u>

This Motion is timely because just one day before filing this Motion to Intervene, the Plaintiffs filed an unopposed motion asking the Court to approve a consent decree. This Motion will not unduly delay this action because the parties have only just recently asked the Court to take any action.

2. <u>Proposed Intervenors have a significant protectable interest in the subject of this action.</u>

A person has a "significant protectable interest" in an action if: "(1) [the applicant] asserts an interest that is protected under some law, and (2) there is a 'relationship' between [the applicant's] legally protected interest and the plaintiff's claims." *Sprint*, 855 F.3d at 991. The question of whether there is a "relationship" between the applicant's interest and the plaintiff's claims is intended to be a practical inquiry. *United States v. City of L.A.*, 288 F.3d 391, 398 (9th Cir. 2002). "The 'interest' test is not a clear-cut or bright-line rule, because 'no specific legal or equitable interest need be established.'" *Id.* While not bright-line requirement, the relationship requirement is met if the plaintiff's claims will actually affect the applicant. *Id.*

Proposed Intervenors have legally protected interests in the integrity of Nevada's initiative petition process. These include, but are not limited to, the requirements that signatures be submitted for verification in a timely manner, and the enforcement of the laws that are designed to prevent fraud in signature gathering.

Under Nevada law, each of the county clerks verify a random sampling of the signatures on a statewide petition. The clerks review whether the signer is as registered voter, whether the signature matches the voter's registration file, and whether the signer is a resident of the county, among other things. *See* NRS 293.12757 – 293.12795 (setting forth the process for verification of signatures and determination of sufficiency by the Secretary of State).

Based on their review of a random sample of signatures, the clerks use extrapolation to determine the total number of valid signatures in their respective counties, then forward those numbers to the Secretary of State. NRS 293.1277(2). The Secretary of State then determines whether the petition has sufficient signatures statewide to qualify for the ballot. NRS 293.1278.

NRS 293.12793 provides for an administrative appeal process for the *proponent* of a petition, if the Secretary of State finds that the number of signatures is *insufficient*. There is no similar process for an *opponent* to appeal a determination that the number is sufficient. If the Secretary of State determines that the petition is sufficient, the only way to challenge that determination is for a private party to bring a civil action under NRS 295.061(2). Thus, if there was fraud in the circulation process, or if there were errors in the clerks' verification process, the only way to correct those problems is for a private party such as the Proposed Intervenors to bring a lawsuit to expose the issues, and for a court to determine the remedy. *See e.g., Taxpayers for the Prot. of Nev. Jobs v. Arena Initiative Comm.*, Nev. Sup. Ct. Nos. 57157, 58350, 2012 Nev. Unpub. LEXIS 1101 (Aug. 1, 2012) (post-circulation challenge based on fraudulent circulator affidavits).

Proposed Intervenors have a substantial interest in this action because extending the deadline to gather signatures would impede or preclude their statutory right to challenge the sufficiency of the petition. NRS 295.056(2) requires that, for statutory initiatives, the deadline to submit signatures for verification is the 15th day following the general election, which falls on November 18, 2020 this year. The Nevada Constitution requires that a statutory initiative must be filed with the Secretary of State no later than 30 days before the start of the legislative session. Nev. Const. Art. 19, § 2(3). This deadline allow each county the time necessary to verify the signatures before the initiative is filed with the Secretary of State.

BENSON LAW NEVADA
123 W. Nye Lane, Suite 478
Carson City, NV 89706
(775) 884-0838

The Secretary of State then transmits the initiative to the Legislature as soon as it convenes. Nev. Const. Art. 19, § 2(3). "The petition shall take precedence over all other measures except appropriation bills, and the statute or amendment to a statute proposed thereby shall be enacted or rejected by the Legislature without change or amendment within 40 days." *Id.* If the Legislature and the Governor approve the initiative, it becomes law. *Id.*

Consequently, if the deadline is extended to gather signatures, it is very likely that the clerks will not have sufficient time to verify the signatures before the Secretary of State must transmit the initiative to the Legislature in compliance with the Nevada Constitution. Accordingly, as a practical matter, Proposed Intervenors are likely to lose their right to challenge the sufficiency of the petition because there simply would not be enough time. This could allow an initiative to be enacted into law despite fraud or errors in the signatures.

These adverse effects on Proposed Intervenors' statutory rights under Nevada law are more than sufficient to meet the "significant protectable interest" requirement for intervention as of right. In *City of L.A.*, the Ninth Circuit found that a police officer's union met this requirement because the complaint sought injunctive relief against its members and alleged facts that its members committed unconstitutional acts in the line of duty. 288 F.3d at 398-99. The court held that this was sufficient even though the proposed injunctive relief applied only to the city defendants, not the union itself. *Id.* Similarly here, even though the Plaintiff is seeking relief against the Secretary of State and the county election officials, Proposed Intervenors stand to lose their own rights under Nevada law if the relief is granted.

3. <u>Disposition of the matter without intervention will impair Proposed Intervenor's ability to protect their interests.</u>

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotations omitted).

As discussed to above, Proposed Intervenors' ability to protect their interests will be impaired if they are not permitted to intervene. They have a right to not be subjected to laws made through a fraudulent or invalid initiative petition, and they also have a right to bring challenges to petitions that

6

fail to comply with Nevada law. These challenges are authorized by NRS 295.061 and are the only method of ensuring compliance with many of Nevada's requirements for initiative petitions.

    4. <u>The existing Defendants do not adequately represent the Proposed Intervenors' interests.</u>

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). The court examines three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* The most important factor is the similarity (or lack thereof) between the interest of the proposed intervenor and that of the existing parties. *Id.*

Proposed Intervenors' interests are not adequately represented by the existing parties. Plaintiffs have just filed an unopposed motion to approve a consent decree (ECF #10). It is therefore apparent that the Defendants have no intention of defending Nevada's laws or protecting the rights of Proposed Intervenors.

"Of course, the parties cannot stipulate to jurisdiction where none exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Even if Defendants do not oppose the consent decree, that does not mean that the Court has jurisdiction to approve it. Proposed Intervenors would join in the proposed Motion to Dismiss attached to the motion to intervene filed by the Nevada Resort Association and BizPAC. Plaintiffs' Complaint fails, on its face, to allege facts that show that either of the Plaintiffs have Article III standing. Without standing, the Court has no jurisdiction to act on Plaintiffs' claims and must dismiss the Complaint. *See id.* (the courts "have an ongoing obligation to be sure that jurisdiction exists.").

For these reasons, Proposed Intervenors should be granted intervention as a matter of right, pursuant to FRCP 24(a).

**B. Alternatively, Proposed Intervenors should be granted permissive intervention.**

Alternatively, if the Court finds that Proposed Intervenors are not entitled to intervene as a matter of right, it should grant Proposed Intervenors permissive intervention.

7

Under FRCP 24(b), the court "may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc*., 712 F.3d 1349, 1353 (9th Cir. 2013) (quoting Fed. R. Civ. P. 24(b)(1)). Generally, permissive intervention under Rule 24(b) should be allowed where: (1) there is an independent ground for jurisdiction; (2) the motion is timely; and (3) "a common question of law and fact between the movant's claim or defense and the main action." *Id.* The first prong, the requirement for an independent ground for jurisdiction, does not apply in federal question cases where jurisdiction is predicated on the plaintiff's claims and the defendant is not bringing any additional claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

The remaining two prongs of the test are easily met in this case. First, as discussed above, this Motion is timely. Second, there are common questions of law and fact between the Plaintiffs' claims and Proposed Intervenors' defenses. Common questions of law include whether Plaintiffs have standing to bring these claims and whether some of the asserted claims are cognizable claims at all. Common questions of fact include whether Plaintiffs have made reasonable efforts to circulate their petition, whether they have experienced a concrete injury caused by the laws they challenge, and whether the requested relief is likely to actually remedy the alleged harm. Granting intervention in this case will not unduly delay or prejudice any party.

Finally, judicial economy favors granting intervention. If Proposed Intervenors are not able to intervene in this case, they would likely be forced to bring a separate action to protect their interests. That action would involve many of the same issues and therefore it would be a waste of judicial resources compared to intervention.

## V.   CONCLUSION

Proposed Intervenors respectfully request that this Court grant their request to intervene as defendants as a matter of right. Alternatively, they request that this Court grant them permissive intervention.

/ / / /

/ / / /

/ / / /

8

1  Dated this __8th__ day of October, 2020.

BENSON LAW, LLC

By: _____
KEVIN BENSON, ESQ.
Nevada State Bar No. 9970
123 W. Nye Lane, Suite #487
Carson City, NV 89706
Telephone: (775) 884-0838
Email: kevin@bensonlawnv.com

**CERTIFICATE OF SERVICE**

Pursuant to FRCP Rule 5(b), I hereby certify that I am an employee of Benson Law, LLC, and that on this date, I caused the foregoing <u>Motion to Intervene</u> to be served to all parties to this action by:

|   |   |
|---|---|
| _____ | Placing a true copy thereof in a sealed postage prepaid envelope in the United States Mail in Carson City, Nevada |
| _____ | Hand-delivery - via Reno/Carson Messenger Service |
| _____ | Facsimile |
| _____ | E-Mail, pursuant to consent to electronic service |
| _____ | Federal Express, UPS, or other overnight delivery |
| _____ | E-filing pursuant to Section IV of District of Nevada Electronic Filing Procedures |
| __X__ | E-filing through the federal courts' CM / ECF filing and service system. |

as follows:

David C OMara
The OMara Law Firm, P.C.
311 E. Liberty Street
Reno, NV 89501
775-323-1321
*Attorneys for Plaintiffs*

Greg Zunino
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
*Attorneys for Defendant Secretary of State*

Herbert B. Kaplan
One South Sierra Street
Reno, NV 89501
*Attorney for Defendant Spikula*

Mary-Anne M. Miller
Clark County District Attorney
Civil Division
500 S. Grand Central Parkway, 5th Floor
P.O. Box 552215
Las Vegas, NV 89155-2215
702-455-4761
*Attorney for Defendant Gloria*

/ / / /

/ / / /

Marquis AurbachCoffing
Brian R. Hardy, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants Jakeman, Sullivan, Donaldson, Stevens, Baldwin, Merlino, Spero, Lewis, Rothery, Elgan, Lloyd, Hoehne, Nepper, and Bryan*
*(collectively the "Rural County Defendants")*

Benjamin R. Johnson
Deputy Attorney General
State of Nevada - Office of the Attorney General
Public Safety Division - Bureau of Litigation
100 N Carson St
Carson City, NV 89701-4717
775-684-1254
Fax: 775-684-1275
Email: bjohnson@ag.nv.gov
*Attorney for Defendant Aubrey Rowlatt*

Dated:      October 8, 2020

_____
An employee of Benson Law, LLC

11