UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROTECT OUR GIRLS,<br>a Committee for Political Action (PAC)<br>Advocating Passage, *et al.*,<br><br>                Plaintiffs,<br>    v.<br><br>BARBARA G. CEGAVSKE,<br>in her official capacity as Nevada<br>Secretary of State, *et al.*,<br><br>                Defendants. | Case No. 3:20-cv-00515-MMD-WGC<br><br>ORDER |

Plaintiffs Protect Our Girls, a Committee for Political Action (PAC) Advocating Passage, and Melissa Clement, sued Defendants Barbara G Cegavske, Nevada's Secretary of State, and Nevada county election officials,[1] seeking an extension of time to submit signatures in support of Statewide Statutory Initiative Petition S-04-2020 because of the COVID-19 pandemic. (ECF No. 1.) This order addresses two preliminary issues and directs further briefing.

First, Plaintiffs and Defendants filed a joint motion (ECF No. 10) for the Court to approve a consent decree granting Plaintiffs the deadline extension they seek in this case (ECF No. 10-1).[2] However, the joint motion lists Fair Maps Nevada, Sondra Cosgrove, Douglas Goodman, and Robert MacDonald as the plaintiffs of this case, and refers to

---

[1]Elko County Clerk Kristina Jakeman, Lander County Clerk Sadie Sullivan, Pershing County Clerk-Treasurer Lacey Donaldson, Storey County Clerk-Treasurer Vanessa Stevens, White Pine County Clerk Nichole Baldwin, Nye County Clerk Sandra Merlino, Humbolt County Clerk Tammie Rae Spero, Douglas County Clerk-Treasurer Kathy Lewis, Churchill County Clerk-Treasurer Linda Rothery, Esmerelda County Clerk-Treasurer Lacinda Elgan, Lincoln County Clerk Lisa C. Lloyd, Eureka County Clerk Lisa Hoehna, and Lyon County Clerk-Treasurer Nikki Bryan. (ECF No. 6 at 2.)

[2]Four parties have also filed two motions to intervene in these proceedings. (ECF Nos. 8, 11.)

proceedings in a different case involving Fair Maps Nevada, *Fair Maps Nevada v. Cegavske*, Case No. 3:20-cv-00271-MMD-WGC (D. Nev. Filed May 6, 2020). (ECF No. 10 at 2.) It is therefore unclear the joint motion reflects agreement between the parties to this case. The Court will deny the joint motion without prejudice to refiling as appropriately updated.

Second, Proposed Intervenors assert that Plaintiffs lack Article III standing, depriving the Court of jurisdiction over this case, and requiring the Court dismiss it. (ECF Nos. 8-3, 11 at 7.) Proposed Intervenors also make the related argument this lack of standing deprives the Court of jurisdiction to approve the proposed consent decree. (ECF No. 11 at 7.) "Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). The Court must therefore verify Plaintiffs have standing before the Court could approve any consent decree purporting to bind Defendants.

It is therefore ordered that the joint motion to approve the consent decree (ECF No. 10) is denied without prejudice, and with leave to file a corrected motion that corrects the deficiencies identified above.

It is further ordered that, should the parties file a corrected joint motion to approve the consent decree, they must file either a joint brief, or separate briefs, addressing the related questions of whether Plaintiffs have standing to prosecute this case, and whether the Court would have jurisdiction to approve a revised consent decree.

It is further ordered the Court will determine whether additional briefing is necessary upon review of Plaintiffs' and Defendants' briefing on standing and jurisdiction.

DATED THIS 9th day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE